SELIG SOLOMON v. WILLIAM V. PENOYAR, JOHN C.. GRAM, ET AL.

*Contribution—Expenses of suit—Rescission of contract—Liability of agent· exceeding authority.*

1. In a suit for contribution by one tax-payer against others on: account of expenses incurred in prosecuting a suit in behalf of all to enjoin the issuance of water-works bonds, the evidence tended strongly to show an understanding between the· parties that they should pay said expenses according to their assessments, which is held to be an equitable arrangement, and, as the defendants made no objection on that ground when presented with bills upon that basis, the Court decline· to disturb a decree based thereon.

2. Such a bill will be dismissed as to a defendant who, before any expense was incurred, notified the complainant that he withdrew his name from the contribution agreement, and would have nothing more to do with it, such contracts being revo--cable until acted upon.

3. A defendant who signed the name of a corporation to said agreement, of which he was a director, vice-president, and general foreman, without informing complainant of his want· of authority so to do, and thereby gave the other parties to. the agreement to understand that the corporation was interested, will be held liable to contribute the share otherwise: chargeable to the corporation.

Appeal from Iosco.  (Cobb, J., presiding.)  Submitted on briefs November 6, 1891.  Decided December 21, 1891.

Bill for contribution.  Defendants Penoyar and Gram appeal.  Bill dismissed as to Penoyar and affirmed as to Gram.  The facts are stated in the opinion.

*O. E. M'Cutcheon,* for complainant.

*M. J. Connine,* for appellants.

GRANT, J.  On December 3, 1883, complainant and defendants, and one Wedworth C. Penoyar, as complainants, filed a bill in equity against the president and trustees of the village of Au Sable, to enjoin them from issuing certain bonds for the construction and maintenance of water-works in the village.  Mr. Solomon employed a solicitor to bring the suit, which was carried to a successful issue, and a perpetual injunction granted.

Previous to the bringing of that suit there was considerable talk between the complainant and the defendants, except the Salt & Lumber Company, in regard to the propriety of instituting the suit, and the probable cost thereof.  The following paper was signed by them:  "We are willing to fight against the water-works as now managed."  This was signed by all the defendants except McDonald.  Defendant Gram signed as follows:  "Au Sable Lumber Co., or John C. Gram."  Defendant McBean signed as follows:  "J. E. Potts S. & L. Co., or G. A. McBean."  Complainant further claims that there was a parol agreement between him and the defendants that he should employ counsel, have the necessary legal steps taken, and that the expenses thereof should be borne jointly by them, but that no definite agreement was made fixing the several amounts

and proportions which each should pay. Complainant refused to pay the solicitor in that suit, claiming that he did so at the request of some of the defendants. The solicitor presented a bill for $500. He recovered a judgment against complainant for $300 and costs, part of which complainant has paid, and given his note for the balance.

The bill in this cause is filed to enforce a contribution from the defendants. The bill was dismissed as to the J. E. Potts Salt & Lumber Company, it conclusively appearing that that company never authorized the use of its name as a complainant in the injunction suit, and that it knew nothing about it until after the decree was rendered. Proofs were taken in open court, and a decree was rendered directing the defendants to pay to the complainant the following amounts, viz.: William V. Penoyar, $75.22; John C. Gram, $172.72; William McFarlane, $4.97; George A. McBean, $5.84; Angus F. McDonald, $11.83; James E. Forrest, $5.

Defendants Penoyar and Gram alone appeal.

The basis of this contribution was the assessment roll for the year 1884, the defendants being held according to their individual property assessment for that year, except defendant Gram, who was held for the full assessment of the Au Sable Lumber Company. The reason for this assessment against Gram is stated by the court to be that he entered into the agreement in the name of the Au Sable Lumber Company without any authority to bind it, and for the purpose of inducing the other defendants to become parties thereto, and that the other defendants acted on the representation thus held out to them, and entered into the agreement.

There was evidence strongly tending to show an understanding between the parties that they should pay according to their assessments, and this is certainly a very equitable arrangement. When complainants caused bills

to be presented to the defendants individually upon this basis they made no objection upon that ground. I am not disposed, therefore, to disturb this equitable contribution fixed by the decree.

But the bill must be dismissed as to Penoyar, because on the very day he signed the agreement, learning that there was some feeling among the citizens, and not being himself a resident of the village, he saw the complainant, and notified him that he withdrew his name, and would have nothing more to do with it. This was before any expense had been incurred or any action had been taken by others, based upon the signature of Mr. Penoyar. He had, therefore, the legal right to withdraw his name, inasmuch as no binding contract had been made, executed, or delivered. Until acted upon, such contracts are revocable. Here are no innocent third parties to be affected. Mr. Solomon alone is asking a contribution from Mr. Penoyar.

Mr. Gram was an officer of the Au Sable Lumber Company, was a director, vice-president, and general foreman of the mill. He did not inform complainant that he had no authority to sign for the company, as did Mr. McBean, who signed for the J. E. Potts Salt & Lumber Company. Mr. Gram does not claim that he was misled by any statements of the complainant. He admits his willingness to pay his *pro rata* share, which he says would be about four dollars, according to his assessment, though I find no evidence in the record to show that he was assessed at all. Having signed the name of his principal without authority, and thereby giving others to understand that his principal was interested, it is but just and equitable to hold him for that which would otherwise have been chargeable to his principal. As to him the decree is affirmed. No costs will be allowed.

The other Justices concurred.